UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA MULHOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1234-DJS |
| ) | |
| MASTERCARD INTERNATIONAL, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is defendant Mastercard International, LLC's unopposed motion to dismiss [Doc. #10]. On May 22, 2009, plaintiff Brenda Mulholland filed a petition in the Circuit Court of St. Louis County, Missouri, and on August 5, 2009, defendant removed the action to this Court. Plaintiff alleges in her petition that she was employed by defendant. Plaintiff further alleges that, for various medical reasons, she began long term disability on February 20, 2007, but that on February 8, 2008, her "long term disability was terminated for medically related absences."[1] Plaintiff alleges that she was "treated differently than other employees in similar [situations] that exercised use of sick leave." Doc. #1-2, p. 7. Plaintiff further alleges that male employees who acted the same as her were not terminated. Plaintiff alleges that she has satisfied all private, administrative, and judicial prerequisites to filing suit, and asserts claims of

---

[1] It is clear that plaintiff alleges February 8, 2008, as the date of the adverse employment action.

wrongful termination and disability discrimination pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §213.010 et seq.

Defendant, in the instant motion to dismiss, states that plaintiff has not satisfied all of the prerequisites to filing suit. Defendant states that plaintiff did not file her administrative charge with the Missouri Commission on Human Rights ("MCHR") until October 24, 2008, more than one hundred eighty days after the alleged discriminatory act occurred. Defendant argues that plaintiff's charge was therefore untimely, which precludes her from maintaining the instant action, and that her petition should therefore be dismissed.

Pursuant to the MHRA, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination." Mo. Rev. Stat. §213.075.1; see Daffron v. McDonnell Douglas Corp., 874 S.W.2d 482, 484 (Mo. App. 1994) (finding that a complaint regarding an unlawful employment practice must be filed with the MCHR "within 180 days of the alleged discriminatory act"). "To initiate a claim under the MHRA a party must timely file an administrative complaint with MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).

> MCHR has no jurisdiction to conduct proceedings on a complaint not filed within the statutory period. Section 213.111 provides that a person must receive a right to sue letter from MCHR before he may bring a civil action based on an

>     alleged discriminatory act.  Because a plaintiff
>     must file a complaint with MCHR within 180 days
>     of the discriminatory act in order to receive a
>     right to sue letter and because a plaintiff must
>     receive a right to sue letter in order to file a
>     civil action, a plaintiff's compliance with the
>     180 day time limit is a prerequisite to the
>     maintenance of a civil employment discrimination
>     action.

Daffron, 874 S.W.2d at 484 (internal citations omitted).

In this case, defendant argues that plaintiff's claims are barred because she did not file a charge of discrimination with the MCHR within one hundred eighty days of the alleged discriminatory act, as required by Mo. Rev. Stat. §213.075.1. The Court notes that plaintiff alleges in her petition that she timely filed a charge of disability discrimination with the MCHR "on or about June 23, 2008." Doc. #1-2, p. 6. However, plaintiff does not oppose defendant's current assertion that such a charge was not filed until October 24, 2008. Further, a review of the record demonstrates that plaintiff's charge of discrimination filed with the MCHR is dated October 24, 2008, more than 180 days after the violation alleged by plaintiff in her petition. See Doc. #10-2. Plaintiff does not set forth any reason why the time period set forth in Mo. Rev. Stat. §213.075.1 should be tolled or extended. Accordingly, the Court finds that, under Missouri law, plaintiff has not satisfied all of the prerequisites to the maintenance of a civil employment discrimination action against defendant. Therefore, the Court finds that defendant's motion should be granted.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Mastercard International, LLC's motion to dismiss [Doc. #9] is granted.

Dated this  16th   day of October, 2009.

>                                    /s/Donald J. Stohr
>                                    UNITED STATES DISTRICT JUDGE